UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CINTHIA CAROLINA REYES ORELLANA and SAMYA I. MOFTAH, ANTHONY PERULLO, DEAN MELGAR, MARIA LEMA, ANN RATNER, DEYANIRA RAMIREZ, MOHAMMAD HOQUE, SHAMSUN NAHAR, MARGARITA ACTEOPAN, ATCHADE ASSONGBA individually and on behalf of all other similarly situated retail customers,<br><br>                      Plaintiffs,<br>v.<br><br>MACY'S RETAIL HOLDINGS, INC. d/b/a MACY'S f/k/a MACY'S EAST a/k/a MACYS INC. and LAW OFFICES OF PALMER, REIFLER AND ASSOCIATES, P.A.,<br><br>                      Defendants. | Case No. 1:17-cv-05192-NRB<br><br>Judge Naomi Reice Buchwald<br><br>Magistrate Judge Andrew J. Peck |

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED CLASS ACTION COMPLAINT

For its Answer and Affirmative Defenses to Plaintiffs' Amended Class Action Complaint, Defendant Macy's Retail Holdings, Inc. ("Macy's") states the following:

## NATURE OF ACTION

1. Macy's denies the allegations in paragraph 1.

2. Macy's denies the allegations in paragraph 2.

3. Paragraph 3 states legal conclusions to which no response is required. To the extent a response is deemed required, Macy's admits that it complies with New York General Obligations Law §11-105 and New York General Business Law §218, but denies all remaining allegations in paragraph 3.

4. Macy's admits that its loss prevention employees perform cursory searches of suspected shoplifters, inspect their possessions, question them, and at times obtain signed voluntary confessions. Macy's denies the remaining allegations in paragraph 4.

5. Macy's admits that the quoted material in paragraph 5 appears in a June 17, 2003 New York Times article titled <u>In Stores, Private Handcuffs for Sticky Fingers</u>, and otherwise denies the allegations in paragraph 5.

6. Macy's admits that the quoted material in paragraph 6 appears in a June 17, 2003 New York Times article titled <u>In Stores, Private Handcuffs for Sticky Fingers</u>, and otherwise denies the allegations in paragraph 6.

7. Paragraph 7 states legal conclusions to which no response is required.

8. Macy's admits that on June 27, 2016, a preliminary injunction was issued against Macy's by the Supreme Court of New York County. Macy's denies the remaining allegations and legal conclusions in paragraph 8.

9. Paragraph 9 states legal conclusions to which no response is required. To the extent a response is deemed required, Macy's admits that the quoted material appears in the Decision and Order issued by the Supreme Court of New York County, and denies all remaining allegations in paragraph 9.

10. Paragraph 10 states legal conclusions to which no response is required. To the extent a response is deemed required, Macy's denies the remaining allegations in paragraph 10.

11. Macy's admits the allegations in paragraph 11.

12. Macy's denies the allegations in paragraph 12.

13. Macy's denies the allegations in paragraph 13.

## JURISDICTION

14. Paragraph 14 states legal conclusions to which no response is required. To the extent a response is deemed required, Macy's admits that the Court has subject matter jurisdiction over this case, but denies that the Court has jurisdiction to grant Plaintiffs' request for injunctive relief.

## VENUE

15. Paragraph 15 states legal conclusions to which no response is required.

## PARTIES

16. Macy's admits the allegations in paragraph 16.

17. Macy's admits the allegations in paragraph 17.

18. Macy's admits that at all times referred to in this complaint, the Plaintiffs were suspected shoplifters. Macy's denies all remaining allegations in paragraph 18.

## CLASS ACTION ALLEGATIONS

19. Paragraph 19 states legal conclusions to which no response is required. To the extent a response is deemed required, Macy's denies the allegations in paragraph 19.

20. Macy's lacks information sufficient to admit or deny, and therefore denies Legal Aid Society's estimates of the number of individuals Macy's detains. Macy's denies all remaining allegations in paragraph 20.

21. Macy's admits that named plaintiffs were detained in various Macy's stores in New York City by various Macy's employees. Macy's denies all remaining allegations and legal conclusions in paragraph 21.

22. Macy's avers that the New York Supreme Court's Decision and Order is a document that speaks for itself. Macy's denies the interpretation of that Decision and Order set forth in paragraph 22.

23. Macy's denies the allegations and legal conclusions in paragraph 23.

24. Macy's denies that counsel will fairly and adequately protect the interests of the class. Macy's lacks information sufficient to admit or deny, and therefore denies, the remaining allegations in paragraph 24.

25. Macy's denies the allegations in paragraph 25.

## THE NAMED PLAINTIFFS

26. On information and belief, Macy's denies that Plaintiff Orellana was age 29 at the time of the incident. Macy's lacks information sufficient to admit or deny whether she is a native of Honduras with no criminal record. Macy's admits that she was detained by Macy's loss prevention employees at the Herald Square store on July 18, 2014 after emerging from a dressing room and riding an escalator to another floor, and that she was detained as she attempted to enter a bathroom.

27. Macy's admits that Ms. Orellana was taken to a security area, but denies that that area is as described in paragraph 4. Macy's also admits that its employees briefly searched Ms. Orellana's person and possessions. Macy's denies the remaining allegations in paragraph 27.

28. Macy's admits that Ms. Orellana paid $100 in cash pursuant to Macy's civil recovery demand. Macy's denies all remaining allegations in paragraph 28.

29. Macy's admits that Ms. Orellana was not released, and was turned over to police custody. Macy's also admits that a Macy's loss prevention employee provided a supporting deposition to the police. Macy's denies the remaining allegations in paragraph 29.

30. Macy's lacks information sufficient to admit or deny the allegations in paragraph 30.

31. Macy's lacks information sufficient to admit or deny the allegations in paragraph 31.

32. On information and belief, Macy's denies that Plaintiff Moftah was age 53 at the time of the incident. Macy's lacks information sufficient to admit or deny the remaining allegations in paragraph 32.

33. Macy's admits that Mrs. Moftah was stopped by Macy's loss prevention employee Brenda Howard as she was exiting the Herald Square store on July 11, 2015. Macy's denies the remaining allegations in paragraph 33.

34. Macy's admits that Ms. Howard led Mrs. Moftah to a security area, but denies that that area is as described in paragraph 4. Macy's also admits that Mrs. Moftah's person and possessions were briefly searched. Macy's denies that she was searched under her clothing, and denies all remaining allegations in paragraph 34.

35. Macy's admits that Mrs. Moftah was presented with a confession and that she signed the confession. Macy's also admits that Ms. Moftah paid $500 by credit card pursuant to Macy's civil recovery demand. Macy's denies all remaining allegations in paragraph 35.

36. Macy's admits that Mrs. Moftah was turned over to police custody. Macy's also admits that a Macy's loss prevention employee provided a supporting deposition to the police. Macy's denies the remaining allegations in paragraph 36.

37. Macy's lacks information sufficient to admit or deny the allegations in paragraph 37.

38. On information and belief, Macy's denies that Plaintiff Ramirez was age 61 at the time of the incident. Macy's lacks information sufficient to admit or deny whether she is a U.S. citizen of Colombian descent who had never been arrested and who speaks very limited English. Macy's admits that she was detained on April 11, 2017 at Macy's Roosevelt Avenue store in

Queens by Macy's loss prevention employee Aletha Epps on suspicion of exiting the store without paying for two chemises and two girl's dresses.

39. Macy's admits that Ms. Ramirez was confined in a room within the Macy's store, and that she was photographed. Macy's denies the remaining allegations in paragraph 39.

40. Macy's denies the allegations in paragraph 40.

41. Macy's admits that Ms. Ramirez signed an admission statement and a Civil Demand Notice, and that she was turned over to the police. Macy's lacks information sufficient to admit or deny whether she was charged with petit larceny.

42. Macy's lacks information sufficient to admit or deny the allegations in paragraph 42.

43. On information and belief, Macy's denies that Plaintiff Perullo was age 50 at the time of the incident. Macy's lacks information sufficient to admit or deny whether he is a veteran of the U.S. Navy with no criminal record. Macy's admits that he was detained at Macy's Herald Square store on January 9, 2016 on suspicion of taking bags of T-shirts, socks and underwear that he did not intend to pay for.

44. Macy's admits that Mr. Perullo was taken to a security area, but denies that that area is as described in paragraph 4. Macy's also admits that Mr. Perullo was photographed, and briefly searched. Macy's denies the remaining allegations in paragraph 44.

45. Macy's admits that Macy's employee Herschel Nurse told Mr. Perullo that Macy's was seeking $500 in civil recovery. Macy's also admits that Mr. Perullo was arrested. Macy's denies all remaining allegations in paragraph 45.

46. Macy's lacks information sufficient to admit or deny the allegations in paragraph 46.

47. On information and belief, Macy's denies that Plaintiff Melgar was age 69 at the time of the incident. Macy's lacks information sufficient to admit or deny whether he is a retiree with no criminal record who walks with a cane. Macy's admits that he was detained at Macy's Avenue U location in Brooklyn on suspicion of possessing several neckties that he did not intend to pay for. Macy's denies that his detention occurred in October 2013.

48. Macy's admits that Mr. Melgar was led to a security area. Macy's denies all remaining allegations in paragraph 48.

49. Macy's admits that Mr. Melgar paid $500 with his credit card pursuant to Macy's civil recovery demand, and that this money was not refunded. Macy's also admits that Mr. Melgar was held for the police. Macy's lacks information sufficient to admit or deny the remaining allegations in paragraph 49.

50. Macy's denies that Mr. Melgar was promised he would be released and that he did not intend to steal the neckties. Macy's lacks information sufficient to admit or deny the remaining allegations in paragraph 50.

51. On information and belief, Macy's denies that Plaintiff Lema was age 57 at the time of the incident. Macy's lacks information sufficient to admit or deny whether she is a native of Ecuador. Macy's denies that she was employed by Macy's, but admits that she was an independent contractor working as a cleaner at Macy's location on Fulton Street, Brooklyn, on the morning of December 16, 2012. Macy's also admits that she was taken into custody that morning by a Macy's employee after being observed putting three items in her pocket. Macy's denies the remaining allegations in paragraph 51.

52. Macy's denies the allegations in paragraph 52.

53. Macy's admits that after signing her confession, Ms. Lema was held for the police and arrested. Macy's denies that Ms. Lema was lied to. Macy's lacks information sufficient to admit or deny the remaining allegations in paragraph 53.

54. Macy's lacks information sufficient to admit or deny the allegations in paragraph 54.

55. On information and belief, Macy's denies that Plaintiff Ratner was age 68 at the time of the incident. Macy's lacks information sufficient to admit or deny whether she is a retiree. Macy's admits that she was taken into custody at Macy's Herald Square Store on November 8, 2014. Macy's denies that she was taken into custody near the perfume counter or that she was found in possession of a bottle of perfume.

56. Macy's denies the allegations in paragraph 56.

57. Macy's lacks information sufficient to admit or deny whether Ms. Ratner was frightened and didn't want to rock the boat. Macy's denies the remaining allegations in paragraph 57.

58. Macy's admits that Ms. Ratner was held for the police. Macy's lacks information sufficient to admit or deny the remaining allegations in paragraph 58.

59. Macy's admits that Plaintiffs Hoque and Nahar were apprehended by Macy's personnel on January 15, 2017. Macy's denies the remaining allegations in paragraph 59.

60. Macy's admits the allegations in paragraph 60.

61. Macy's admits that Mr. Cuello escorted Mr. Hoque to a security area, but denies that that area is as described in paragraph 4. Macy's denies the remaining allegations in paragraph 61.

62. Macy's admits that Ms. Baez escorted Ms. Nahar to a different room in the security area, but denies that that area is as described in paragraph 4. Macy's also admits that Mr. Hoque and Ms. Nahar were turned over to the police and arrested. Macy's denies the remaining allegations in paragraph 62.

63. Macy's lacks information sufficient to admit or deny the allegations in paragraph 63.

64. Macy's lacks information sufficient to admit or deny the allegations in paragraph 64.

65. On information and belief, Macy's admits that Plaintiff Acteopan was age 36 at the time of the incident. Macy's lacks information sufficient to admit or deny whether she is a mother of three with no prior arrests and a limited command of English. Macy's admits that she was apprehended on April 6, 2016 at Macy's Herald Square store by loss prevention employee Gillian Clyne while in possession of a blouse and sweater.

66. Macy's admits that Ms. Acteopan signed an admission to shoplifting, but denies that she was required to do so, and denies the remaining allegations in paragraph 66.

67. Macy's denies the allegations in paragraph 67.

68. On information and belief, Macy's admits that Plaintiff Assongba was age 50 at the time of the incident. Macy's admits the remaining allegations in paragraph 68.

69. Macy's denies the allegations in paragraph 69.

70. Macy's admits that Mr. Assongba declined to sign the documents presented to him, and that he was arrested. Macy's lacks information sufficient to admit or deny the remaining allegations in paragraph 70.

## GROUNDS FOR RELIEF

### FIRST CAUSE OF ACTION
### (FALSE IMPRISONMENT)
### (All Plaintiffs except Dean Melgar and Maria Lema)

71. In response to paragraph 71, Macy's hereby incorporates and restates its responses to Paragraphs 1 – 70 as if set forth fully herein.

72. Macy's denies the allegations in paragraph 72.

73. Macy's denies the allegations and legal conclusions in paragraph 73.

74. Macy's denies the allegations and legal conclusions in paragraph 74.

### SECOND CAUSE OF ACTION
### (FRAUD)
### (Plaintiffs Cinthia Carolina Reyes Orellana, Samya I. Moftah, Deyanira Ramirez, Anthony Perullo, Dean Melgar, and Maria Lema)

75. In response to paragraph 75, Macy's hereby incorporates and restates its responses to Paragraphs 1 – 74 as if set forth fully herein.

76. Macy's denies the allegations in paragraph 76.

77. Macy's denies the allegations in paragraph 77.

78. Macy's denies the allegations in paragraph 78.

79. Macy's denies the allegations in paragraph 79.

### THIRD CAUSE OF ACTION
### (DECEPTIVE BUSINESS PRACTICES - NY GENERAL BUSINESS LAW "GBL" § 349)
### (Plaintiffs Cinthia Carolina Reyes Orellana, Samya I. Moftah, Deyanira Ramirez, Anthony Perullo, Dean Melgar, and Ann Ratner)

80. In response to paragraph 80, Macy's hereby incorporates and restates its responses to Paragraphs 1 – 79 as if set forth fully herein.

81. Macy's denies the allegations and legal conclusions in paragraph 81.

82. Macy's denies the allegations in paragraph 82.

83. Macy's denies the allegations and legal conclusions in paragraph 83.

## FOURTH CAUSE OF ACTION
## (ASSAULT/BATTERY)
## (All Plaintiffs except Dean Melgar and Maria Lema)

84. In response to paragraph 84, Macy's hereby incorporates and restates its responses to Paragraphs 1 – 83 as if set forth fully herein.

85. Macy's admits that it detained Plaintiffs. Macy's denies all remaining allegations in paragraph 85.

86. Macy's denies the allegations and legal conclusions in paragraph 86.

87. Macy's denies the allegations and legal conclusions in paragraph 87.

## ADDITIONAL RESPONSE

Macy's denies each allegation of the Amended Complaint not specifically admitted above and denies that Plaintiffs are entitled to any of the relief or damages sought in this action.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM)

Some or all of Plaintiffs' causes of action fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
## (STATUTE OF LIMITATIONS)

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS)

Some or all of Plaintiffs' claims are barred by the doctrine of unclean hands, based on their culpability for shoplifting.

## FOURTH AFFIRMATIVE DEFENSE
## (SCOPE OF EMPLOYMENT)

Macy's is not responsible for any conduct of its employees or agents taken outside the scope of their responsibility.

## FIFTH AFFIRMATIVE DEFENSE
## (GENERAL BUSINESS LAW § 218)

Plaintiffs' claims of assault/battery and false imprisonment are barred by New York General Business Law § 218, because plaintiffs were apprehended on a reasonable suspicion of shoplifting, and were held for a reasonable time and in a reasonable manner.

## SIXTH AFFIRMATIVE DEFENSE
## (ESTOPPEL)

Certain Plaintiffs are estopped from asserting claims against Macy's because they failed to declare such claims in bankruptcy proceedings.

## SEVENTH AFFIRMATIVE DEFENSE
## (CONSENT)

Some or all of Plaintiffs' claims for assault/battery are barred because they consented to any contact that occurred.

## EIGHTH AFFIRMATIVE DEFENSE
## (SELF-DEFENSE)

Some or all of Plaintiffs' claims for assault/battery are barred because Macy's employees and agents acted in self-defense.

## NINTH AFFIRMATIVE DEFENSE
## (WAIVER, ESTOPPEL AND RATIFICATION)

Plaintiffs' claims for fraud and deceptive business practices are barred by the doctrine of waiver, estoppel and ratification.

***

Macy's reserves the right to seek leave of Court to assert additional defenses as they may come to light during the course of investigation, discovery, or otherwise.

Dated: August 10, 2018

Respectfully submitted,

/s/ *Meir Feder*
Meir Feder
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-7870
Facsimile:(212) 755-7306
Email: mfeder@jonesday.com

Alison B. Marshall*
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-7611
Facsimile: (202) 626-1700
Email: abmarshall@jonesday.com
*admitted *pro hac vice*

Michael McDonagh
Robert Dunn
LESTER SCHWAB KATZ &
DWYER, LLP
100 Wall Street
New York, NY 10005
(212) 964-6611
mmcdonagh@lskdnylaw.com

**Attorneys for Defendant Macy's Retail Holdings, Inc.**

# CERTIFICATE OF SERVICE

      I hereby certify that on this 10th day of August 2018, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Southern District of New York using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: August 10, 2018

By: <i>/s/ Meir Feder</i><br>
Meir Feder